IN RE ESTATE OF EDMUND E. WOOLSEY.
OTOE COUNTY, APPELLANT, V. FRED A. WOOLSEY, ADMINIS-
TRATOR, ET AL, APPELLEES.

FILED MARCH 6, 1925. No. 23808.

1. **Taxation:** INHERITANCE TAX: PROCEDURE TO RECOVER. Sections ·
6018 and 6019, Comp. St. 1922, prescribing the procedure to
recover taxes paid to the treasurer under certain circumstances,
has no application to the recovery of an inheritance tax erron-
eously paid. In such case the procedure is governed by section
6162, Comp. St. 1922.
2. **Evidence** examined, and *held* to support the judgment of the
district court.

APPEAL. from the district court for Otoe county: WIL-
LIAM M. MORNING, JUDGE. *Affirmed.*

*W. F. Moran,* for appellant. ·

*Pitzer & Tyler* and *Earl M. Cline, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, and EVANS,
JJ., REDICK and SHEPHERD, District Judges.

DAY, J.

This is the second appearance of this case, our former
opinion being reported in 109 Neb. 138.

The present appeal is by the county of Otoe from a judg-
ment of the district court fixing the value of the estate of
Edmund E. Woolsey, deceased, for the purpose of determin-
ing the amount of inheritance tax which should be assessed
upon the several shares inherited.

In the briefs the county of Otoe is designated complain-
ant, and the administrator and the heirs at law respond-
ents, and for convenience will be so designated here. The
respondents have taken a cross-appeal.

Edmund E. Woolsey, a resident of Otoe county, died in-
testate May 20, 1919, leaving a large estate consisting of
real and personal property situated in Otoe county and
elsewhere to be administered. The present controversy re-
lates solely to the value of the Otoe county lands. In the

course of the probate proceedings the county court fixed the value of the lands in Otoe county at $412,205.50, fixed the value of the personal property, and computed the amount of inheritance tax to be paid upon such valuation. Exceptions were taken by the respondents to the value placed upon the Otoe county land, and an appeal perfected to the district court. On May 15, 1920, a judgment was entered in the district court fixing the value of the land in Otoe county at $387,325, and also fixing the value of the personal property at $159,948.39, and after deducting certain exemptions fixed the amount of inheritance tax at $5,215.03. From this judgment the respondents appealed to this court, where, for reasons stated in the opinion, the judgment of the district court was reversed and the case remanded for a new trial. *In re Estate of Woolsey,* 109 Neb. 138.

When the case came on for a retrial in the district court, the complainant filed a paper, which it denominated a plea in abatement, based upon the idea that pending the litigation the respondents had paid the full amount of the tax, and that therefore the litigation presented only a moot question. Testimony was taken on the issue presented by this plea and the answer thereto, and said plea was overruled. The ruling of the court on this plea is the only question presented by complainant's appeal.

The plea in abatement alleged in substance that, following the judgment of the district court on May 15, 1920, fixing the amount of inheritance tax at $5,215.03, the administrator of the estate voluntarily paid to the treasurer of Otoe county said sum, and that the treasurer issued a receipt for the amount which contained a recital: "One thousand and seventy-two and 95-100 of the total amount is paid under protest."

It was also alleged that no demand in writing was made upon the county treasurer for a refund of any part of the tax within 30 days after the payment of the same, as required by law; that no suit has been commenced to recover

the tax, and that no claim has ever been filed with the county board setting forth the amount of taxes paid under protest, as required by law.

It was evidently the intention of the pleader to show that by failing to comply with the provisions of section 6018 and section 6019, Comp. St. 1922, the respondent could not, in any view which might be taken of the case, recover any part of the tax paid to the treasurer, and hence the payment must be regarded as a full settlement of the inheritance tax.

The answer of the respondents admitted the payment to the treasurer of the full amount of the inheritance tax found by the court to be due in the judgment of May 15, 1920, but alleged that $1,072.95 of the total amount was paid under protest.

The answer further alleged that prior to the payment of the $5,215.03 to the treasurer it was agreed between attorneys for the respondents and the then county treasurer of Otoe county, who was also the attorney of record for the complainant, that the respondents could pay to the treasurer the amount of tax found to be due by the court and take a receipt for the amount deemed by the respondents to be excessive and paid under protest; that such payment should not prejudice the right of the respondents to appeal to the supreme court, nor prejudice the right of the respondents to recover from the county any excess payment which may have been made, if, upon a final determination of the case, it was disclosed that an excess payment had been made; that no separate action or proceeding would be necessary to recover any excess payment; that, relying upon the agreement, the full amount of $5,215.03 was paid to the county treasurer; that by accepting the money under the agreement and by participating in the appeal to the supreme court the complainant is estopped to claim that the excess cannot be recovered. We think the testimony sustains these allegations.

After the plea in abatement was overruled, a trial was had upon the merits of the case resulting in a judgment

fixing the value of the Otoe county land at $337,025 and the value of the personal property, upon which there was no dispute, at $159,948.39, and, after deducting certain exemptions, fixing the amount of inheritance tax at $4,687.93.

The argument is made by the complainant that by voluntarily paying the amount of the tax found to be due by the district court, and by failing to take the preliminary steps prescribed by sections 6018 and 6019, Comp. St. 1922, to recover the excess payment, the respondents have precluded themselves from recovering any part of the amount paid, and that, therefore, the payment must be regarded as a complete settlement and payment of the entire amount due.

It seems unnecessary to set forth the provisions of the foregoing sections of the statute. In a general way they provide that notice in writing should be given to the treasurer, demanding the return of the excess taxes paid within 30 days from the date of payment, and, under certain circumstances, that a claim be filed with the county board, and, if disallowed, that an appeal should be taken to the district court. It is conceded that none of the requirements of the above mentioned sections were complied with by the respondents.

We are of the view that the remedies prescribed by sections 6018 and 6019, Comp. St. 1922, have no application to cases involving the payment of an inheritance tax. The inheritance tax law is complete in itself. It provides that the amount of the tax shall first be determined by the county court, and gives the right of appeal to the county as well as to the legal representatives of the deceased. This is what is being done in this case. It also provides a remedy in case of erroneous payments. Section 6162, Comp. St. 1922, a part of the inheritance tax law, provides, in substance, that, when any amount of inheritance tax shall have been erroneously paid to the county treasurer, it shall be lawful for him, on satisfactory proof rendered to him of the erroneous payment, to refund and pay to the executor, administrator or persons who have paid any such

tax in error the amount so paid: Provided, that all applications for a repayment of such tax shall be made within two years of the date of payment. This section gives ample authority to the treasurer to refund the whole or any part of an inheritance, tax which has been erroneously paid, without reference to any of the requirements of sections 6018 and 6019, Comp. St. 1922.

At the time of the payment of the tax, it was not definitely and finally determined what amount was due, and in fact will not be finally determined until the mandate in this case is filed.

In the brief of the respondents in support of the cross-appeal, it is urged with much vigor that the value of the Otoe county land, as fixed by the court upon the second trial, is still too high. There is a wide variance in the value. as fixed by the witnesses for the complainant from that of the witnesses for the respondents. This is not unusual in the class of cases where value is largely a matter of opinion. Upon a review of the record, we are inclined to agree with values as fixed by the trial court.

From what has been said, it is clear that the administrator has paid more on account of the inheritance tax than is due the county, and on every principle of right and justice the excess should be repaid. The payment under protest, under all the circumstances, is a sufficient demand to comply with the statute requiring that a demand for repayment be made within two years.

The judgment of the district court is, therefore,

AFFIRMED.