IN RE ESTATE OF CLARA B. FORT.
EDNA M. FLOOD ET AL., APPELLANTS, V. CLAY COUNTY ET AL., APPELLEES.

FILED FEBRUARY 1, 1929. No. 26245.

*Fort & Fort, Stiner & Boslaugh* and *Edmund Nuss*, for appellants.

*D. B. Massie* and *Guy Hamilton, contra.*

Heard before Goss, C. J., Rose, Good, Thompson and Eberly, JJ.

Good, J.

From an assessment of an inheritance tax against the property devised to them by the will of Clara B. Fort, the beneficiaries under the will have appealed.

This proceeding originated in the county court of Clay county, and from the assessment of the inheritance tax an appeal was taken to the district court. On a trial *de novo* in that court, the amount of the tax, assessed by the county court, was materially reduced. The beneficiaries still being dissatisfied have appealed to this court. The property subject to the inheritance tax consisted of real estate in Clay, Fillmore, Nuckolls, Cheyenne and Deuel counties. Only the assessment for Fillmore and Clay counties is involved in this appeal.

It is argued that the trial court did not adopt the proper basis of valuation; that the court took as a basis of assessment the value or market value of the property and not the "then cash value" thereof. It is .conceded that the proper basis is the cash value of the property at the date of the owner's demise, which in this case was the 18th day of March, 1926. The contention in the instant case is based upon some of the language used by the court in its findings. All of the evidence, however, on behalf of the counties was as to the cash value of the property on the 18th of March, 1926, the date of Mrs. Fort's death.

A careful scrutiny of the court's findings discloses that some loose expressions are used therein, but, on the whole, it sufficiently appears that the basis of value, as found by the trial court, was the cash value at the date of Mrs. Fort's death. This was the proper basis. *In re Estate of Woolsey,* 109 Neb. 138. The contention made is not borne out by the record.

It is strenuously urged that the appraisal of the real es-

tate was entirely too high and that, since the amount of the tax depends upon the appraised value, it resulted in imposing an excessive inheritance tax.

We have carefully examined the entire record, consisting of several hundred pages. The evidence discloses a very wide diversity of opinion, as to the value of the land, between the witnesses called for the beneficiaries under the will and those called by the interested counties. However, the evidence on behalf of the interested counties tends to support a valuation somewhat in excess of that found by the trial court, while the evidence on behalf of the beneficiaries would tend to show that the value of the property at the date of Mrs. Fort's death was much less than that found and determined by the trial court.

It appears that five witnesses, used by the beneficiaries, some four weeks previous to the trial and more than a year after the death of Mrs. Fort, for the purpose of testifying as to the value of the property, viewed the lands involved; that on this occasion 10 or 11 hours were spent in viewing 19 different tracts of land, several of these tracts containing each 640 acres; that they traveled 130 to 140 miles by automobile in viewing these lands and took, at least, sufficient time out of the day for the midday meal. It is apparent that the examination made must have been very superficial. It is true that some of the witnesses had a general knowledge of the land prior to the time they viewed it, but some of the questions involved were as to the amount of low or lagoon land on the several tracts, and another question of fact was as to whether certain portions of the land were infested with noxious weeds. Moreover, some of the witnesses for the beneficiaries, in effect, stated that there was no market value for the land at the time of Mrs. Fort's death; that in arriving at the then cash value they had taken, as a basis, the cash market value of the land several years before, deducting from that value 40 per cent. for depreciation in land values generally, to arrive at the market value, and further reducing by the sum of $25 an acre, to obtain the then cash value.

Such evidence, we think, is entitled to but little weight, and no doubt the trial court so found.

After the evidence was all adduced, at the request of the parties litigant the judge personally viewed and examined all of the lands that were involved in this appeal, and, after his examination, he made his findings. The trial judge had a better opportunity of determining the value of the evidence of the several witnesses, since they were before him and he saw their manner of testifying, and he had the further advantage of viewing the premises. Suffice it to say that after an examination of the record we are satisfied that the findings of the trial court, as to the cash value of the lands at the date of Mrs. Fort's death, are fully supported by the record.

The beneficiaries under the will complain because the judgment required them to pay interest upon the amount of the inheritance tax from the date of Mrs. Fort's death. Section 6155, Comp. St. 1922, which provides for interest on inheritance taxes, is in part as follows: "All taxes imposed by this article, unless otherwise herein provided for, shall be due and payable at the death of the decedent, and interest at the rate of seven per cent. per annum shall be charged and collected therefrom for such time as such taxes are not paid: *Provided,* if said tax is paid within one year from the accruing thereof, interest shall not be charged or collected thereon." Appellants argue that, since an appeal was pending and the exact amount of the tax had not been determined, they could not pay the tax, and for that reason they ought not to be required to pay interest thereon until the correct amount of tax is finally determined.

The contention is not sound for two reasons: First, the language of the statute requires that interest be paid on all taxes from the date of the death; and, second, the statute provides for an exemption from interest on tax if paid within one year. In order to exempt themselves from interest on taxes, the beneficiaries must bring themselves within the language of the proviso. This they have failed

to do. Moreover, as is pointed out in the opinion in *In re Estate of Woolsey*, 113 Neb. 218, the inheritance tax statute provides that, if an erroneous tax is collected, the ones entitled thereto may recover it by filing an application within two years. The situation in that case is somewhat similar to the one in the instant case. In the *Woolsey* case, however, an appeal was taken from the assessment of inheritance tax, as made by the county court, and prior to the determination of the appeal the beneficiaries paid the amount of the tax as fixed by the court, paying part of it, however, under protest. The question then arose as to their right to recover the excess or erroneous tax, and the court held that the beneficiaries were entitled to recover such excess. In the instant case, if they desired to relieve themselves from the interest, the beneficiaries could have paid the entire amount of tax, as assessed in the county court, and, at any time within two years thereafter, as provided by section 6162, Comp. St. 1922, could have recovered any excess over the amount that was finally determined to be due. The statute clearly requires the payment of interest from the date of the death of the owner of the property, unless such tax is paid within one year from the time it accrues.

It is finally contended that the court erred in taxing the costs of the proceedings to the beneficiaries, or to the estate of Mrs. Fort. Section 6163, Comp. St. 1922, relating to costs in inheritance tax cases, *inter alia,* provides: "Any person or persons dissatisfied with the appraisement or assessment may appeal therefrom to the county court of the proper county within sixty days after the making and filing of such appraisement or assessment, conditioned upon the giving of security to the court to pay all costs, together with all taxes that may be fixed by the court." It is further provided in said section that the appraisers shall be paid a reasonable fee by the county treasurer out of the funds he may have in his hands, on account of such tax, on the certificate of the county judge. The statute also fixes the amount which shall be allowed to witnesses

and officers serving process, and then provides: "All costs made or incurred under this article shall be paid by the county treasurer out of any funds he may have in his hands on account of such tax, on certificate of the county judge."

It is difficult to understand why the legislature, as a condition to appeal, should require one who is dissatisfied with the appraisement of property for inheritance tax purposes to give a bond to pay the costs and at the same time require such costs to be paid by the county treasurer. The provisions seem inconsistent. It is possible it was intended that the costs of the appraisement in the proceedings in the county court should be paid by the county treasurer, and not intended to relate to costs which might accrue upon appeal to the district or supreme courts. The statute does not, in any event, require the payment of costs by the heirs or beneficiaries under the will of a decedent, and their liability, if any exists, must be found in the general statutes relating to the taxation of costs.

It appears that the beneficiaries of Mrs. Fort's will, by appealing from the tax assessed in the county court, secured material and substantial relief in the district court. It was there determined that the property was assessed too high and that they had been required to pay an excessive tax. Conceding that, under the general statutes, it was within the discretion of the court to determine whether the costs should be taxed to one party or the other, or should be apportioned between them, we think it would be unjust to penalize the beneficiaries by requiring them to pay the costs in seeking and obtaining the relief to which they were entitled. The costs in the district court should have been taxed to the interested counties.

Since the only relief which the beneficiaries have obtained by their appeal to this court relates to the taxation of costs, and since that question could have been presented in a proceeding for that purpose alone, they should not be entitled to recover all of the costs in this court.

The judgment of the district court is affirmed, except as to the judgment for costs in that court, which is reversed

and the cause remanded, with directions to the district court to render judgment for costs in that court against the appellees; the appellants and appellees to pay the costs by them respectively incurred on this appeal.

· AFFIRMED IN PART, AND REVERSED IN PART.